McKinney, J.,
delivered the opinion of the court.
This was an action of covenant brought upon an attachment bond, in the circuit court of Davidson.
On the 23rd of January, 1849, Eakin, Eobinson & Co., a mercantile firm in the city of New York, composed of Argyle P. Eakin, Eichard Eobinson, and William Eakin, filed an attachment bill in the chancery court at Nashville, in behalf of themselves and other creditors of Eobert Smith, one of the plaintiffs in error, seeking to attach certain 'goods, wares and merchandize, alleged to have been fraudulently conveyed by said Smith to McEwen, both of whom were made defendants to said bill. The bill was sworn to and filed by Argyle P. Eakin, one of the members of said firm.
*458 Tbe bond, executed upon the issuance of the attachment, was signed by said A. P. Eakin, with Marvin Heed and John A. McEwen, as sureties thereto. The bond is in the penalty of thirty-six hundred dollars; and the condition, after reciting in the usual form, that Eakin, Robinson & Co. had obtained an attachment against the estate of Smith and McEwen, contains the following condition: “Now, if the said Eakin, Robinson & Co. shall prosecute the said suit with effect, or in case they fail therein, shall well and truly pay and satisfy the said Robert Smith and Robert H. McEwen, all such costs and damages as shall be awarded and recovered against the said Eakin, Robinson & Co., in any suit or suits which may be hereafter brought, for wrongfully suing out said attachment, then the above obligation to be void, otherwise to remain in full force and effect.”
The present action is founded upon this bond, and is brought against all the obligors, namely, A. P. Eakin, Marvin Reed, and John A. McEwen.
The declaration contains several counts, in which damages are sought to be recovered for various injuries alleged to have been occasioned by the wrongful suing out of said attachment. But for the purpose of presenting the question upon which the case must be decided, it is not necessary to notice the different grounds upon which damages are claimed in the declaration.
The breach assigned in the declaration, is the failure of the defendants to pay and satisfy the damages occasioned to the plaintiffs, by the wrongful suing out the attachment.
We will first consider the question, whether this *459 breach is witbin the condition of the bond: We think it too clear to admit of discussion, that it is not. It is attempted here to charge the defendants with a liability altogether beyond their undertaking. By the plain terms of the bond, the liability of the defendants thereon, is secondary and conditional. Their undertaking is, that the plaintiffs in the attachment, Eakin, Robinson & Co., shall pay and satisfy all such costs and damages, as shall be awarded and recovered against them, said Eakin, Robinson & Co., in any suit or suits thereafter to be brought, for wrongfully suing out said attachment. Hence it is clear, that until after a recovery had against Eakin, Robinson & Co., no suit can be maintained upon the bond, against the defendants, because, until then, they cannot be charged with a breach of the condition. The argument, based upon the great hardship of requiring the plaintiffs to pursue the firm of Eakin, Robinson & Co., to a distant State, for the purpose of liquidating and recovering damages against them, before resorting to- an action against the present defendants on their bond, is of no force — the simple answer is, that the liability of the defendants is created by, and rests alone on the stipulations of their bond; and they cannot be charged otherwise, or to any greater extent than is therein provided. The force of the objection, to the maintenance of the present action, is not diminished in the least degree, by the fact, that Argyle P. Eakin, one of the firm of Eakin, Robinson & Co., is a party to the bond.
We are not called upon in this case, to determine, whether or not, the plaintiffs might have resorted to a separate action on the case against Argyle P. Eakin *460 alone, to recover damages for tbe wrongful issuance of tbe attachment, or whether in case of such recovery against him, the bond would have bound him and his sureties to pay such damages. Upon these questions we intimate no opinion.
The fcm of Eakin, Eobinson & Co., was the credit- or in the present case, and plaintiff in the attachment; Argyle P. Eakin had no authority to bind the firm by deed, he did not assume to do so, and his execution of the bond can only be regarded as his act individually.
The bond, it is clear, is not in conformity with the requirement of the statute. The law contemplates, that the plaintiff in the attachment, whether an individual or a firm, shall give the bond. And under the extended operation of our attachment laws, applying equally to foreign and domestic creditors, it is obvious that in the case of foreign creditors, and especially mercantile firms, whose members may reside in different States, it may sometimes be very difficult, if not impossible, to comply with the existing law, in respect to the bond. And the difficulties in the way of the defendant, in the attachment, are of a no less serious character.
How shall a firm, whose members reside abroad, and perhaps in places distant from each other, give the bond? And even, if this were done, how shall the defendant in the attachment proceed to sue and recover against them?
These suggestions can have no influence upon the determination of the case in hand, they may serve, however, to show the necessity for a modification of the law upon this subject.
*461 We do not mean to be understood as laying down tbe general proposition, that in all cases, the defendant in the attachment, before resorting to an action on the bond, must first liquidate the damages in an action on the case, at common law. Such, we think, is not the law: Bor is the case of Smith vs. Story, 4 Humph., 169, to be so understood.
Where the bond has been executed by the plaintiff in the attachment, in conformity with the statute, we hold, that the action may be upon the bond in the first instance — and that in such action, there may be a recovery, not only for such damages as are properly recoverable in the common law action, but likewise, for other damages, upon grounds contemplated by the statutes, and not embraced by the principles governing the action on the case. It is not necessary to hold, nor do we, that the common law remedy is abolished by the remedy on the bond. But we are unable to perceive any sound reason for holding the bond to be merely a security for the damages to be recovered in an action on the case.
Why subject the party to the expense, delay and circuity of two actions: first, to liquidate the damages in an action on the case, and then, by an action on the bond to recover the damages thus ascertained?
It is said, however, and we think, correctly, that the remedies are not concurrent, that the rule and measure of damages are not the same in both actions. But we do not admit the conclusion, that in an action on the bond, the plaintiff may not recover all such damages, as under the circumstances of the case, might properly be recovered in an action on the case.
*462 The terms, “wrongfully suing out said attachment,” are as properly applicable to a case where the process has been resorted to, in the absence of sufficient legal canse, without reference to the intent, as to the case where it has been sued out and set on foot from motives of malice and oppression. And the consequences of the wrongful act may be no less injurious to the defendant in the attachment, in the one case, than in the other.
True, the question of damages would be very different. In the one case, the damages would be confined to the actual injury sustained; in the other, vindictive damages might be allowed. But this consideration does not affect the nature of the action on the bond, or the extent of the right to recover damages therein.
The proceeding by attachment, is subject to abuse, and the requirement of the bond was intended as a check upon its improper use, and to secure to the injured party all such damages as, in the particular case, are the natural proximate result or consequence of the wrongful act.
To this end, the common law action, which is grounded upon malice, and the want of probable cause, was inadequate.
Other questions were discussed in the argument, which in the view we have taken of the case, need not be noticed.
There is. no error in the judgment, and it will be affirmed.